CHESTER RUDNICKI *vs.* MICHAEL NEEDLE. May 19, 1958. Order dismissing report affirmed. This is an action of contract or tort for malpractice and negligence of an attorney at law in the handling of several legal matters for the plaintiff. The answer was a general denial and set up a release given by the plaintiff to the defendant. The defendant filed a declaration in set-off for money owed him by the plaintiff for legal services. The action was tried before a judge of a District Court. The plaintiff filed thirty-four requests for rulings many of which were denied by the judge as inapplicable to facts as the judge found them. The judge made a finding for the defendant and for the plaintiff in set-off (the original defendant). A report claimed by the plaintiff to the Appellate Division was dismissed and the plaintiff appealed. There was no error. The judge ruled that the release relied upon by the defendant was of no legal effect. *Lanigan* v. *Scharton,* 238 Mass. 468. At the trial there was evidence that the defendant acted as attorney for the plaintiff in seven cases. The judge heard evidence and in his report he considered each case separately. As to six of the cases he made a finding in substance that the defendant properly conducted himself according to *Dunne* v. *Cunningham,* 234 Mass. 332, and that he committed no breach of duty owed a client by an attorney. In the other case he found that the defendant, after collecting $239.50 for damages and costs in an action in which he represented the plaintiff, kept for himself a fee of $100 and $14.50 for expenses. He credited the balance of $125 to the account due him from the plaintiff for legal services. The judge found that the defendant erred in crediting this money to the amount due the defendant from the plaintiff but that such error did not amount to malpractice. He further found that in all other respects the defendant conducted himself in that case according to *Dunne* v. *Cunningham, supra,* and that he committed no breach of duty. We are of opinion that these findings of the judge are decisive of this case and make it unnecessary to consider the requests for rulings of the plaintiff. We deem it appropriate to say, however, that we have carefully reviewed the plaintiff's requests for rulings and find no error of law in the denial of any of them.

*Halice Korelitz,* for the plaintiff.

*Michael Needle, pro se.*

CHESTER RUDNICKI *vs.* IDA NEEDLE. May 19, 1958. Order dismissing report affirmed. This is an action of contract upon an oral agreement to perform work and labor in the alteration of a dwelling house in Brighton owned by the defendant who was to supply all materials. The only dispute is as to the time spent including Sundays and holidays. The plaintiff contended that $1,915 was due him based upon the union rate of $2.75 an hour and double that rate for work done on Sundays and holidays. The judge found that the plaintiff should be paid union rates. He found that all of the work was done by the plaintiff outside of his working hours at the Boston Naval Shipyard. He further found that the plaintiff spent fifty-seven hours on the job, including one Sunday. In addition he allowed the plaintiff three hours for time spent in assisting the defendant to purchase materials. He made a finding of $192.50 for the plaintiff. The plaintiff filed twenty-two requests for rulings all of which were denied by the judge who allowed three requests for rulings of the defendant. The plaintiff claiming to be aggrieved by the action of the judge on the requests claimed a report to the Appellate Division which was dismissed, and the plaintiff appealed. We have care-

Rescripts.

fully considered these requests and we are satisfied that there wa.° no error of law in the action of the judge.

*Halice Korelitz*, for the plaintiff.

*Michael Needle*, for the defendant.·